UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Civil Action No. 24-0816 (BAH) |

## JOINT STATUS REPORT

Pursuant to the Court's December 16, 2024, Minute Order, the Parties conferred and respectfully submit the following status on this Freedom of Information Act ("FOIA") case:

1. Plaintiff submitted two FOIA requests to Defendant U.S. Department of Education ("the Department") on March 28, 2022, seeking "records relating to the Department's award of grants to and cooperative agreements with 'Equity Assistance Centers'" (FOIA request number 22-02360-F) and focusing on the Department's Office of Elementary and Secondary Education (FOIA request number 22-02358-F). ECF No. 1 at 14, 32.

2. The Department provided its first interim response to FOIA request number 22-0358-F on October 17, 2022, its second interim response on May 31, 2024, its third interim response on June 28, 2024, its fourth interim response on July 31, 2024, and its fifth interim response on August 30, 2024, and its sixth interim response on September 30, 2024.

3. In verifying that all records responsive to FOIA request 22-02358-F had been produced, the Department discovered that it had misunderstood Plaintiff's previous narrowing of its request. Because of that misunderstanding, the Department still needs to produce documents responsive to three elements of Plaintiff's FOIA request 22-02358-F.

4. Since the last joint status report, the Department provided two interim responses consisting of documents responsive to FOIA request 22-02360-F on October 31, 2024, and November 26, 2024, as well as an interim response to one of the remaining elements of FOIA request 22-02358-F on December 19, 2024.

5. The parties met and conferred on December 12, 2024, and had a productive conversation. The Department provided Plaintiff with answers to most of its questions.

**The Department's Position:**

6. On December 20, 2024, the Department agreed to provide a *Vaughn* index for all records produced and for all redactions when production is complete. The Department's stance is that providing piecemeal *Vaughn* indices, as Plaintiff seeks in paragraph 9 below, is inefficient, burdensome, and not required by any statute. Plaintiffs are not automatically entitled to a *Vaughn* index, and indeed the Agency could opt not to create one at all if it felt it could better satisfy its burden via declarations. That said, the Department has agreed, multiple times, to produce a *Vaughn* index once production in this case is complete. Plaintiff complains of waiting for documents in this case, yet at the same times asks the Department to shift its resources to create piecemeal *Vaughn* indices. The Department will provide Plaintiff with a *Vaughn* index when production is complete.

7. On December 20, 2024, the Department provided Plaintiff with answers to two of its outstanding questions and as well as proposed search terms for the remaining two elements of request 22-02358-F to ensure that it was satisfactory to Plaintiff. The Department awaits Plaintiff's response, and objects to running a premature search for records responsive to elements 2 and 3 of FOIA request 22-02358-F until Plaintiff advises of any objections to the Department's proposed search. Asking the Department to run a search, while also advising it will provide a counter set of

search terms and thus inferring Plaintiff does not believe Department's initial proposal is a reasonable search, is inefficient and would require the Department to unnecessarily expand its resources by running two separate searches. It would be unreasonable to require the Department to perform two separate searches for the same responsive records.

8. In response to Plaintiff's paragraph 12, as the Department has now explained to Plaintiff upwards of three times, Department officials do not ordinarily conduct official business dealing with the subject of the records Plaintiff seeks via social media and text message. Accordingly, it is not reasonably likely that such a search would turn up responsive records. The Department looks forward to shouldering its burden regarding this topic during summary judgment briefing with supporting declarations.

9. The Department respectfully requests that the parties be ordered to file a further Joint Status Report on or before March 10, 2025, and every sixty days thereafter, until the production of documents is complete, at which point the parties will file a Joint Status Report with a proposal for further proceedings if necessary.

**Plaintiff's Position:**

10. Plaintiff continues to request that the Department provide a *Vaughn* index for all records produced thus far no later than February 10, 2025. An agency which seeks to withhold records under FOIA is required to justify these actions. *See* 5 U.S.C. § 552(a)(4)(B). A *Vaughn* index is appropriate when an agency, like the Department, must meet their burden to show that the withholdings are appropriate and may do so "by providing a *Vaughn* index which must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance." *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 774 (D.C. Cir. 2002); *see also Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

11. Plaintiff is reviewing the proposed narrowing of search terms and will provide a counter set of terms for review by the Department. Because such a narrowed search will produce responsive documents regardless of what the parties may finally agree on, and because the search relates to FOIA requests made 33 months ago, Plaintiff has asked the Department to run the search immediately and not delay production further. At the least, the search proposed by the Department will yield a subset of all documents requested by Plaintiff, and there is no need for the Department to wait.

12. Plaintiff continues to seek an expanded scope of records that were requested, and which have still not been produced, such as texts, Teams Meeting chats, LinkedIn Messages, messages sent via X (previously known as Twitter) and other types of messages which are subject to FOIA requests, but have not been produced in the previous tranches for both request 22-02358-F and 22-02360-F.

13. Plaintiff respectfully requests that the parties be ordered to file a further Joint Status Report on or before February 17, 2024, and every thirty days thereafter, until the production of documents is complete, at which point the parties will file a Joint Status Report with a proposal for further proceedings.

Dated: January 10, 2025                          Respectfully submitted,

*/s/ Martha Astor*                                MATTHEW M. GRAVES, D.C. Bar #481052
MARTHA ASTOR                                      United States Attorney
D.C. Bar # 900002288
DONALD A. DAUGHERTY, JR.                          BRIAN P. HUDAK
D.C. Bar #900000663                               Chief, Civil Division
DEFENSE OF FREEDOM INSTITUTE
1455 Pennsylvania Avenue, NW                      By:  */s/ Kaitlin K. Eckrote*
Suite 400                                         KAITLIN K. ECKROTE
Washington, DC 20004                              D.C. Bar #1670899
(321) 390-2707                                    Assistant United States Attorney
Martha.Astor@dfipolicy.org                        601 D Street NW
Don.Daugherty@dfipolicy.org                       Washington, D.C. 20530

*Counsel for Plaintiff*

(202) 252-2485
Kaitlin.eckrote@usdoj.gov

*Counsel for the United States of America*