UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br><br> Defendant. | Civil Action No. 24-0816 (BAH) |

## JOINT STATUS REPORT

Pursuant to the Court's January 13, 2025, Minute Order, the Parties conferred and respectfully submit the following status on this Freedom of Information Act ("FOIA") case:

1. Plaintiff submitted two FOIA requests to Defendant U.S. Department of Education ("the Department") on March 28, 2022, seeking "records relating to the Department's award of grants to and cooperative agreements with 'Equity Assistance Centers'" (FOIA request number 22-02360-F) and focusing on the Department's Office of Elementary and Secondary Education (FOIA request number 22-02358-F). ECF No. 1 at 14, 32.

2. The Department provided its first interim response to FOIA request number 22-02358-F on October 17, 2022, its second interim response on May 31, 2024, its third interim response on June 28, 2024, its fourth interim response on July 31, 2024, and its fifth interim response on August 30, 2024, its sixth interim response on September 30, 2024, and its seventh interim response on December 19, 2024.

3. Since the last joint status report, the Department provided one interim response consisting of documents responsive to FOIA request 22-02360-F on January 31, 2025.

4. As previously reported, in verifying that all records responsive to FOIA request 22-02358-F had been produced, the Department discovered that it had misunderstood Plaintiff's previous narrowing of its request. Because of that misunderstanding, the Department still needs to produce documents responsive to certain elements of Plaintiff's FOIA request 22-02358-F.

5. On December 20, 2024, the Department provided Plaintiff with proposed search terms for the remaining two elements of request 22-02358-F. Plaintiff responded on January 29, 2025, with objections to the Department's proposal and suggestions for completing the search.

6. The Department responded on February 26, 2025, advising Plaintiff that it considered Plaintiff's response and would undertake a search consistent with its requirement under FOIA. The Department advised Plaintiff that if, after receiving the documents, it was not satisfied and wanted to challenge the search then the parties can brief the matter, but the Department is confident that the search is reasonable and can be supported in a declaration and brief.

7. The Department started the search on February 26, 2025, and will produce documents as soon as feasibly possible once its search is complete.

Plaintiff's Position:

8. On December 20, 2024, the Department agreed to provide a *Vaughn* index for all records produced and for all redactions when production is complete. Plaintiff continues to request that the Department provide a *Vaughn* index for all records produced thus far no later than April 18, 2025. An agency which seeks to withhold records under FOIA is required to justify these actions. *See* 5 U.S.C. § 552(a)(4)(B). A *Vaughn* index is appropriate when an agency, like the Department, must meet their burden to show that the withholdings are appropriate and may do so "by providing a *Vaughn* index which must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's

relevance." *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 774 (D.C. Cir. 2002); *see also Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

9. Plaintiff continues to seek an expanded scope of records that were requested and which have still not been produced, such as texts, Teams Meeting chats, LinkedIn Messages, messages sent via X (previously known as Twitter) and other types of messages which are subject to FOIA requests, but have not been produced in the previous tranches for both request 22-02358-F and 22-02360-F. Department officials are required to document and upload all relevant messaging such as text messages and social media, on its servers. *Oglesby v. Dep't of Army*, 920 F. 2d 57, 58 (D.C. Cir. 1990) requires an agency to show it made a good faith effort using methods that are "reasonably expected to produce information" and clarifies that an "agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Id.* at 68. As stated in *Shteynlyuger v. Ctrs. for Medicine & Medicaid Servs.*, 698 F.Supp.3d 82, 109 (D.D.C. 2023) "an agency may be obligated to search a particular employee's text messages in response to a FOIA request." *Id.* All that is necessary is that it must be "reasonably likely" that an official used a certain type of communication that might contain the referenced documents. *Id.* There are two criteria for whether a material is an agency record. "First, an agency must either create of obtain the requested material. . . . Second, the agency must be in control of the requested materials at the time the FOIA request is made." *Cause of Action Inst. v. N.O.A.A.*, No. 19-1927 (TSC), 2023 U.S. Dist. LEXIS 91060, at *9-10, (D. D. C., May 24, 2023). The Department routinely requires its employees to catalog and record social media, text messages, and other personal messages that its employees, including Secretaries, receive. It was doing so during the relevant time period. Therefore, the Department should search these types of mediums for responsive records.

Defendant's Position:

10. The Department's stance is that providing piecemeal *Vaughn* indices, as Plaintiff seeks in paragraph 8, is inefficient, burdensome, and not required by any statute. Plaintiffs are not automatically entitled to a *Vaughn* index, and indeed the Agency could opt not to create one at all if it felt it could better satisfy its burden via declarations. That said, the Department has agreed, multiple times, to produce a *Vaughn* index once production in this case is complete. Plaintiff complains of waiting for documents in this case, yet at the same times asks the Department to shift its resources to create piecemeal *Vaughn* indices. The Department will provide Plaintiff with a *Vaughn* index when production is complete.

11. In response to paragraph 9, as the Department has now explained to Plaintiff upwards of four times, Department officials do not ordinarily conduct official business dealing with the subject of the records Plaintiff seeks via social media and text message. Accordingly, it is not reasonably likely that such a search would turn up responsive records. The Department looks forward to shouldering its burden regarding this topic during summary judgment briefing with supporting declarations.

*   *   *

12. The parties respectfully request that they be ordered to file a further Joint Status Report on or before May 16, 2025, and every sixty days thereafter, until the production of documents is complete, at which point the parties will file a Joint Status Report with a proposal for further proceedings if necessary.

| | |
|---|---|
| Dated: March 17, 2025 | Respectfully submitted, |
| /s/ *Martha Astor* | EDWARD R. MARTIN, JR. D.C. Bar #481866 |
| MARTHA ASTOR | United States Attorney |
| D.C. Bar # 900002288 | |
| DONALD A. DAUGHERTY, JR. | By:  /s/ *Kaitlin K. Eckrote* |
| D.C. Bar #900000663 | KAITLIN K. ECKROTE |
| DEFENSE OF FREEDOM INSTITUTE | D.C. Bar #1670899 |
| 1455 Pennsylvania Avenue, NW | Assistant United States Attorney |
| Suite 400 | 601 D Street NW |
| Washington, DC 20004 | Washington, D.C. 20530 |
| (321) 390-2707 | (202) 252-2485 |
| Martha.Astor@dfipolicy.org | Kaitlin.eckrote@usdoj.gov |
| Don.Daugherty@dfipolicy.org | |
| | *Counsel for the United States of America* |
| *Counsel for Plaintiff* | |